**In re: FONTAINEBLEAU LAS VEGAS CONTRACT LITIGATION.**

**Fontainebleau Las Vegas LLC**

**v.**

**Bank of America, N.A., et al., S.D. Florida, C.A. No. 1:09–21879**

**Avenue CLO Fund, Ltd., et al.**

**v.**

**Bank of America, N.A., et al., D. Nevada, C.A. No. 2:09–1047.**

**MDL No. 2106.**

United States Judicial Panel on Multidistrict Litigation.

Dec. 2, 2009.

Before ROBERT L. MILLER, JR., Acting Chairman, JOHN G. HEYBURN II, Chairman *, KATHRYN H. VRATIL *, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., DAVID G. TRAGER *, Judges of the Panel.

### TRANSFER ORDER

ROBERT L. MILLER, JR., Acting Chairman.

**Before the entire Panel \*:**  Plaintiffs in an action pending in the District of Nevada have moved, pursuant to 28 U.S.C. § 1407, for centralization, in the Southern District of New York,[1] of their action and an action pending in the Southern District of Florida.[2]

Ten defendants [3] in the District of Nevada action submitted a brief supporting cen-

---

* Judges Heyburn, Vratil, and Trager took no part in the disposition of this matter.

1.  These plaintiffs initially sought centralization in the Southern District of Florida, but later changed their position to advocate selection of the Southern District of New York.

   There was another Section 1407 motion in this docket, which was brought by defendants and third-party plaintiffs in *Deutsche Bank Trust Co. Americas v. Jeffrey Soffer, et al.,* S.D. New York, C.A. No. 1:09–7089. That motion became moot, however, when the Southern

District of New York court remanded the action to state court just prior to the Panel's hearing session.

2.  One additional related action is currently pending in the Southern District of New York. That action and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

3.  Bank of America, N.A.; Merrill Lynch Capital Corp.; JPMorgan Chase Bank, N.A.; Bar-

tralization, but arguing that the Panel should select the Southern District of Florida as transferee district. Plaintiffs in the potential tag-along action pending in the Southern District of New York submitted a brief supporting centralization in that district.

On the basis of the papers filed and hearing session held, we find that these two actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Both actions involve alleged breaches by various lenders of their commitments to provide financing for the Fontainebleau Las Vegas, a $3.1 billion resort casino project under construction on the Las Vegas Strip. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We further find that the Southern District of Florida is an appropriate transferee district for pretrial proceedings in this litigation. The action pending in that district is the more advanced of the two actions, and a related bankruptcy proceeding involving the developer of the Fontainebleau Las Vegas project is also pending there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the District of Nevada action is transferred to the Southern District of Florida, and, with the consent of that court, assigned to the Honorable Alan S. Gold for coordinated or

clays Bank PLC; Deutsche Bank Trust Co. Americas; the Royal Bank of Scotland PLC; Sumitomo Mitsui Banking Corp.; Bank of Scotland; HSH Nordbank AG; and MB Financial Bank, N.A.

consolidated pretrial proceedings with the action pending in that district.